**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E.S.C., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN DIBBINS, *et al.*,<br><br>Defendants. | No. 26cv6306 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs, E.S.C. and S.F.C., move to proceed under pseudonyms, to redact portions of the publicly filed complaint, and to file the unredacted complaint and its exhibits under seal. D.E. 5 ("Motion" or "Mot."). The Government[1] "do[es] not object to the use of pseudonyms or sealing any information in this litigation that is considered sensitive and protected under Rule 5.2 or Title 8."[2] Mot. at 1–2. The Government has since appeared, requested an extension to answer the Complaint, and voiced no opposition to the Motion by the Clerk's Office deadline of July 6, 2026. *See* Dkt. The Court therefore considers the Motion unopposed. For the reasons below, the Court will **GRANT** the Motion in full.[3]

---

[1] Plaintiffs bring this action against Susan Dibbins in her official capacity as Chief, Administrative Appeals Office, U.S. Citizenship and Immigration Services ("USCIS") and Joseph Edlow in his official capacity as Director, USCIS. The Court collectively refers to defendants as the "Government."

[2] The Government's response references Rule 5.2 of the Federal Rules of Civil Procedure and Title 8 of the United States Code which focuses on "Aliens and Nationality." This Court recognizes those sources and makes its determination by following Third Circuit precedent as well as the Local Rules.

[3] The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

## I. MOTION TO PROCEED UNDER PSEUDONYMS

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). A party may nonetheless proceed under a pseudonym in exceptional circumstances, upon showing a "fear of severe harm" that is "reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

To guide that inquiry, *Megless* adopted a non-exhaustive, nine-factor balancing test. Six factors favor anonymity: (1) the extent to which the litigant's identity has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of those bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to the party's refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Id.* at 409 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)).

Three factors disfavor anonymity: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identity, beyond the public's normal interest; and (3) whether the opposition to pseudonymity by counsel, the public, or the press is illegitimately motivated. *Id.*

The Court balances these factors through a "fact-specific, case-by-case analysis" to ensure that the movant merits an exception to "the public's common law right to access judicial proceedings." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

Here, the *Megless* factors favor anonymity. *First*, Plaintiffs have kept their identities confidential throughout this action: neither the complaint, D.E. 1 ("Complaint" or "Compl."), nor any other filing discloses who they are. *See* Dkt. *Second*, Plaintiffs' fear of disclosure is substantial. E.S.C. cooperated with the New York City Police Department's investigation of an armed robbery, and "[p]ublic disclosure would increase the likelihood that the unknown perpetrator of the crime—or any potential associates—could locate and harm Plaintiffs." Mot. at 2. *Third* and *fourth*, the public's interest in Plaintiffs' identities is weak: both are non-public figures, and this case presents primarily legal questions about agency action. *See Doe v. N.J. State Prison*, No. 24-8290, 2024 WL 3738538, at *4 (D.N.J. Aug. 9, 2024) (discussing that there is no "unusually strong interest in knowing the identity" of a "non-public figure"). *Fifth,* although Plaintiffs do not contend they would abandon their claims rather than proceed publicly, that factor alone is not dispositive. *B.L. v. Fetherman*, No. 22-3471, 2023 WL 3004853, at *4 (D.N.J. Apr. 18, 2023) (citing *Megless*, 654 F.3d at 410). And *sixth*, nothing suggests Plaintiffs seek anonymity for any illegitimate ulterior motive.

The factors disfavoring anonymity carry no weight here. Plaintiffs are not public figures, the subject matter of this litigation creates no particularly strong interest in their identities, and no counsel, member of the public, or member of the press opposes pseudonymity. Balancing all nine factors, the Court will **GRANT** Plaintiff's motion to proceed as E.S.C. and S.F.C.

## II. MOTION TO REDACT AND SEAL

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). A party seeking to overcome that right "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly

defined and serious injury to the party seeking closure." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017) (internal quotation marks and citations omitted). In this District, Local Civil Rule 5.3 "governs [both] motions to seal or redact." *Gresko v. Pemberton Twp. Bd. of Educ.*, No. 19-638, 2021 WL 508676, at *1 (D.N.J. Feb. 11, 2021). The relief sought must be the "least restrictive means of avoiding potential harm while still protecting the public's right to access." *Id.* at 2.

Under Local Civil Rule 5.3(c)(3), the movant must describe:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted;

(d) why a less restrictive alternative to the relief sought is not available;

(e) any prior order sealing the same materials in the pending action; and

(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

Here, the Local Civil Rule 5.3(c)(3) factors support the narrow relief Plaintiffs request: redaction of "Plaintiffs' full legal names, immigration identification numbers, and specific details of Plaintiff's cooperation and ongoing harm that could make her identifiable" from the public complaint, and sealing of the unredacted Complaint and its exhibits. Mot. at 3–4.

Factors (a) through (c) are satisfied. The materials at issue identify a cooperating crime victim by revealing E.S.C.'s identity, her immigration records, and the details of her cooperation with the police's investigation of an armed robbery by an "unknown perpetrator." Mot. at 2.

Plaintiffs' interest in protecting that information is legitimate, and the "factors weighing against the interest of privacy, such as public safety, greater fairness, and efficiency, are not present." *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 15-3103, 2017 WL 870400, at *3 (D.N.J. Mar. 3, 2017) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–89 (3d Cir. 1994)). And disclosure would risk a clearly defined and serious injury of potential retaliation against E.S.C.—and, by extension, S.F.C.—for her cooperation with law enforcement while the perpetrator remains at large. *See Millhouse*, 674 F. App'x at 128.

Factor (d) is satisfied because no less restrictive alternative would adequately protect Plaintiffs. This action arises from the denial of E.S.C.'s petition for U nonimmigrant status. Compl. Congress has generally prohibited the Government from disclosing "any information which relates to an alien" applying for that status, 8 U.S.C. § 1367(a)(2), and even in judicial proceedings, disclosure must occur in a manner that protects the confidentiality of that information, *see id.* § 1367(b)(3). Those protections do not, however, restrict nonparties from viewing unsealed records at the courthouse. Limited redactions of the public complaint, paired with sealing of the unredacted Complaint and its exhibits, are therefore the least restrictive means of protecting Plaintiffs' safety while preserving public access to the legal claims presented. Finally, no prior order seals these materials has been made in this action, and no party or nonparty objects, satisfying factors (e) and (f).

Plaintiffs have carried their burden under Local Civil Rule 5.3(c)(3). Thus, the Court will **GRANT** Plaintiffs motion to redact and seal.

## III. CONCLUSION AND ORDER

Accordingly, **IT IS**, on this 12th day of August 2026,

**ORDERED** that Plaintiffs' Motion to Proceed Under Pseudonyms, to Redact, and to Seal, D.E. 5, is **GRANTED**; and it is further

**ORDERED** that Plaintiffs may proceed under the pseudonyms E.S.C. and S.F.C. and shall be referred to by those initials in all filings and proceedings in this action; and it is further

**ORDERED** that the Clerk of Court shall maintain the unredacted Complaint and its exhibits **UNDER SEAL**, and the redacted Complaint shall remain publicly filed; and it is finally

**ORDERED** that the parties shall not disclose Plaintiffs' identities, or any information that could reasonably lead to their identification, in any public filing in this action.

Evelyn Padin

Evelyn Padin, U.S.D.J.